NOT FOR PUBLICATION                                         Docket No. 72

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                                     :
TRICO EQUIPMENT, INC.,               :
                                                     :
                        Plaintiff,            :          Civil No. 08-5561(RBK/JS)
                                                     :
            v.                                     :          **OPINION**
                                                     :
WILLIAM MANOR and SKYWORKS OF   :
VIRGINIA, LLC,                                :
                                                     :
                        Defendants.       :
_____  :

**KUGLER**, United States District Judge:

        This case comes before the Court on Defendant Skyworks of Virginia, LLC's

("Skyworks") motion to dismiss for lack of jurisdiction.  Plaintiff Trico Equipment, Inc.

("Trico") previously filed an Amended Complaint (Doc. No. 68) on Nov. 13, 2009 adding

Skyworks as a defendant.  Skyworks argues that according to Trico's pleaded facts, this Court

does not have personal jurisdiction over Skyworks under 28 U.S.C. § 1391(a).  For the reasons

discussed below, Skyworks' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is granted.

**I. BACKGROUND**

        The Court previously reviewed this case's background, so only a brief factual update is

required.  See Trico Equipment, Inc. v. Manor., No. Civ. 08-5561, 2009 U.S. Dist. LEXIS 50524,

at *3-*6 (D.N.J. June 13, 2009).  Skyworks is an equipment rental business with its principal

place of business located in Manassas, Virginia.  Both partners in Skyworks, Jerry and Jayson

1

Reinhart, are citizens of New York.  Skyworks rents aerial lifts and related equipment to customers in the District of Columbia, Maryland, and Virginia.  However, Skyworks does not conduct any business, have customers, own property, advertise services, or allow its equipment to be used in the state of New Jersey.  Furthermore, Skyworks equipment does not travel through New Jersey en route to other states.

Skyworks hired its co-defendant, William Manor ("Manor"), as a salesman authorized to work solely in the District of Columbia, Maryland, and Virginia.  As per the employment agreement between Skyworks and Manor, Skyworks was required to assist Manor in securing legal representation for the action regarding his previous employment arrangement with Trico. The previous arrangement between Trico and Manor included a venue provision stating that any disputes would be resolved in New Jersey.

## II.  DISCUSSION

Generally, "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). However, where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss.  See id. at 142 n.1 (citing Marine Midland Bank v. Miller, 664 F. 2d 899, 904 (2d Cir. 1981); LaRose v. Sponco Mfg., Inc., 712 F. Supp. 455, 458-59 (D.N.J. 1989)).  Thus, the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Id.

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry.  IMO Indus., Inc. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998).

2

First, the court must apply the relevant state's long-arm statute to see if it permits the exercise of personal jurisdiction.  Id.; see Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Fed. R. Civ. P. 4(k)) ("[A] federal district court may assert jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.").  Second, the court must apply the principles of due process.  IMO Indus., Inc., 155 F.3d at 259.  In New Jersey, this inquiry is conflated into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause. Id.; see Carteret Sav. Bank, FA, 954 F.2d at 145 (citing N.J. Court R. 4:4-4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection.").

Due process permits the exercise of personal jurisdiction over a non-resident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Provident Nat. Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations and quotations omitted).  A plaintiff may establish personal jurisdiction by proving the existence of either general or specific jurisdiction.  Id.  To establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts" and the defendant's forum contacts must be "continuous and substantial."  Id. (citing Gehling v. St. George's School of Medicine, Ltd, 773 F.2d 539, 541 (3d Cir. 1985); Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877 (3d Cir. 1981)).[1]

On the other hand, establishing traditional specific jurisdiction involves a three part

---

[1]Trico does not allege this Court possesses general jurisdiction over Skyworks.  (Pls.' Opp. Brief at 10).  Regardless, the facts as alleged by Trico would not support an argument for general jurisdiction.

3

inquiry.  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).  First, the defendant must have

"purposefully directed his activities at the forum."  Id. (internal quotations removed).  Second,

the plaintiff's claim must "'arise out of or relate to' at least one of  those specific activities."  Id.

(quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).  Third,

courts may consider "additional factors to ensure that the assertion of jurisdiction otherwise

comports with fair play and substantial justice."  Id. (internal quotations and modification

removed).

      None of the facts plead by Trico establish a basis for this Court to possess traditional

specific jurisdiction over Skyworks.  First, the company neither conducts any business nor has

any contacts in New Jersey.  As noted above, Skyworks does not own property, maintain bank

accounts, operate equipment, or have customers in New Jersey.  Rather, Skyworks is a citizen of

New York and the company only conducts business in the District of Columbia, Maryland, and

Virginia.  Nonetheless, Plaintiffs insist that this Court possesses specific jurisdiction by virtue of

Skyworks "volunter[ing] to pay for Manor's defense and it help[ing] secure both of the law firms

that represented Manor in this action."  (Pls.' Opp. Brief at 12).  Specifically, Plaintiffs assert that

by paying for Manor's defense, Skyworks was positioned to affect the litigation's direction and

location.  However, this assertion fails to show how Skyworks directly participated in any actions

occurring in New Jersey.  Without having any specific business activities within the state,

Skyworks would not reasonably anticipate being haled into court in New Jersey.  See Provident

Nat. Bank, 819 F.2d at 437 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,

297 (1980)).

      Even if a plaintiff cannot satisfy the three steps for traditional specific jurisdiction, the

plaintiff may nevertheless be able to show personal jurisdiction under the "effects test," which is a different yet similar basis for jurisdiction. <u>Marten</u>, 499 F.3d at 297.  A court has jurisdiction under the effects test where the plaintiff shows three things:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

<u>Id.</u> (citing <u>IMO Indus., Inc. V. Kiekert AG</u>, 155 F.3d 254, 259 (3d Cir. 1998)).  A plaintiff must satisfy the expressly aimed element first before a court needs to consider the other two factors. <u>Id.</u>  The expressly aimed element is met when the plaintiff demonstrates that "'[1] the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and [2] point[s] to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.'"  <u>Id.</u> (quoting <u>IMO Indus.</u>, 155 F.3d at 266).

In this dispute, Trico does not meet its prima facie burden under the effects test. Regarding the test's third element, Trico does not show how Skyworks expressly aimed its conduct at New Jersey.  This Court accepts Trico's statements as true, including the allegations that Skyworks must have known and could reasonably foresee its actions would have effects New Jersey, because Trico is headquartered here and Manor had a previous employment with Trico.  However, foreseeability is not enough for personal jurisdiction.  <u>See</u> <u>Marten</u>, 499 F.3d at 297.  Trico must specifically show Skyworks knew Trico would suffer the brunt of the harm here, and Skyworks *specifically intended* to aim its conduct here.  <u>See id.</u> at 297-98.  Trico does

not make either showing.  On the facts alleged, it seems equally likely – if not indeed *more likely* – Skyworks intended Trico to suffer harm in Virginia, where both companies conduct business and where Manor was a Trico territory manager before commencing work as a Skyworks salesman.  Nothing in the facts alleged suggests Skyworks had a specific intent to direct its harm beyond Virginia's borders.  Without some evidence of a specific intent, this Court does not have personal jurisdiction under the effects test over Skyworks.

Therefore, the Court grants Skyworks' motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss.  An appropriate Order shall follow.

Dated:   4/23/10                             /s/ Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge

6